UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GIBRALTAR DESIGN, INC. an INDIANA
Corporation,

        Plaintiff,

vs.                              Case No.  3:04-cv-742-J-MCR

THE SCHOOL BOARD OF FLAGLER
COUNTY, FLORIDA , a Florida county school
board,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Severance or for

Separate Trials (Doc. 121) filed June 28, 2006.  Defendants filed a response in

opposition (Doc. 122) on July 17, 2006.  Accordingly, the matter is now ripe for judicial

review.

## I. Procedural Background

On August 31, 2004, Plaintiff, Gibralter Design, Inc. ("Gibraltar") filed a complaint

alleging Defendant, the School Board of Flagler County, Florida (the "School Board"),

breached a settlement agreement entered into by the parties.  According to Gibraltar, in

August 2001, the parties entered into a contract for architectural and construction

management services, which required Gibraltar to provide certain architectural,

engineering and construction management services for a new school complex in Palm

Coast, Florida and required the School Board to compensate Gibraltar for such

-1-

services.  (Doc. 1).  In November 2003, the School Board elected to take over construction management and in January and February 2004, the parties each gave notice that they were terminating the contract for cause.

In March 2004, the parties entered into a global settlement agreement (the "Settlement Agreement") of all disputes arising out of the original contract.  According to Gibraltar, despite the Settlement Agreement being executed by the Superintendent of the School Board and ratified by the Board, the School Board failed to pay the funds required by the Settlement Agreement.  As such, Gibraltar instituted the instant litigation suing the School Board for breach of the Settlement Agreement, for a declaration that the Settlement Agreement was enforceable and for injunctive relief compelling the Board to comply with its obligations under the Settlement Agreement.  (Doc. 1).

The School Board responded to the Complaint by filing a Motion to Dismiss (Doc. 8) arguing that the forum selection clause in the parties' original contract was enforceable under federal law and required that the complaint be dismissed in its entirety.  The School Board also argued that the Settlement Agreement was not a final and enforceable agreement.  The Court denied the School Board's Motion to Dismiss noting that it was "premature for the court to decide whether the settlement agreement is legally enforceable," but finding that the "specific dispute is not founded upon the original contract between the parties" and therefore, the forum selection clause found in the original contract was not controlling in the instant case.  (Doc. 22, p.3).

On July 8, 2005, the School Board filed its answer, affirmative defenses and a counterclaim (Doc. 28) alleging breach of the original contract between the parties,

professional malpractice with respect to Gibraltar's conduct in the performance of the original contract and violation of the building code with respect to Gibraltar's conduct in the performance of the original contract.  The School Board's counterclaim also seeks a declaration that the Settlement Agreement is not an enforceable and binding agreement because there was no agreement as to all of its essential elements.  Alternatively, the School Board asks the Court that if it finds the Settlement Agreement to be enforceable, it should find that Gibraltar attempted to alter material terms of the Settlement Agreement through subsequent correspondence and that this correspondence should be treated as a counteroffer and rejection of the Settlement Agreement.  Also, the School Board asks that if the Court finds the Settlement Agreement enforceable and not rejected by Gibraltar's counteroffer, the Court should find Gibraltar materially breached the Settlement Agreement by ignoring the School Board's requests related to providing information regarding the project data and failing to provide reasonable cooperation to the successor architect.  The School Board's counterclaim also seeks rescission of the Settlement Agreement based on its mistake of fact as to the existence of latent defects in the school buildings caused by Gibraltar's "incomplete, ambiguous and erroneous design documents." (Doc. 26, p.24).  Finally, the School Board's counterclaim alleges Gibraltar breached the Settlement Agreement by ignoring requests by the School Board and its successor architects to provide information related to the project data and reasonable cooperation with respect to the transition between architects.

Gibraltar responded to the School Board's counterclaim by filing a reply counterclaim (Doc. 46) against the School Board and four new parties (Paul Stresing

Associates, Inc., Southard Engineering, Inc., Kenyon & Partners, Inc. and Alison Fetner) alleging three claims of copyright infringement and conversion.  Gibraltar also filed a third-party complaint against two additional defendants (Harris Civil Engineers, L.L.C ("Harris") and McVeigh & Mangum Engineering, Inc. ("McVeigh")) for common law indemnity, contribution and equitable subrogation.  (Doc. 47).  The reply counterclaim was dismissed by stipulation of the parties (Doc. 60), however, Gibraltar was permitted to include those claims in an amended complaint filed January 24, 2006.  (Docs. 73 and 75).  Additionally, on January 30, 2006, Gibraltar voluntarily dismissed its claims against third-party defendants Harris and McVeigh.  (Doc. 76).

On August 1, 2005, the School Board moved for partial summary judgment seeking dismissal of all of Gibraltar's claims against it on the grounds that the Settlement Agreement is not an enforceable agreement and even if the Settlement Agreement were found to be enforceable, Gibraltar's subsequent actions bar enforcement of it.  (Docs. 29 and 30).  On October 28, 2005, Gibraltar filed a motion for partial summary judgment (Doc. 66) with respect to Counts IV, V and VI of the School Board's counterclaim related to the Settlement Agreement.  The Court denied these motions without prejudice on March 7, 2006, noting that because Gibraltar had filed an amended complaint with "new and dissimilar legal issues arising under federal copyright law" as well as five new defendants, the motions for summary judgment were moot and could be re-filed at the appropriate time based on the Amended Complaint.  (Doc. 88). Thereafter, the Court entered an Amended Case Management and Scheduling Order

(Doc. 116) setting a deadline of December 29, 2006 for discovery and January 21, 2007 for dispositive motions.

## II. <u>Analysis</u>

In the instant motion, Gibraltar argues the Court should order two separate trials. Gibralter urges the Court to first conduct a trial addressing whether the Settlement Agreement is enforceable.  If the Court finds the Settlement Agreement enforceable, Gibraltar argues the remaining issues would be moot.  This would result in a considerable savings of time.  The Defendants, the School Board, Paul Stresing Associates, Inc., Kenyon & Partners, Inc., Southard Engineering, Inc., Structural Engineer's Group, Inc., and Alison Fetner ("Defendants") oppose the motion on the grounds that there is significant overlap of evidence and witnesses required for the trial on the issues regarding the enforceability of the Settlement Agreement and the trial on the issues related to Gibraltar's alleged defective plans and designs for the school.  As such, Defendants argue that separate trials would not result in a savings of trial time and very well may lead to a waste of time in that Defendants may need to present the same evidence twice.

Although not argued by either party, the undersigned finds the instant motion to be premature.  Discovery in this case does not close until December 29, 2006 and dispositive motions are not due until January 21, 2007.  Given the fact that the parties have already filed motions for summary judgment on the issues surrounding the Settlement Agreement and the fact that the Court has yet to rule upon the merits of such motions, it is safe to assume the parties will be filing such motions again.  A ruling

on such a motion for summary judgment may render any motion for separate trials

moot.  As such, the Court will deny the instant motion without prejudice to Gibraltar re-

filing it at a time after the Court rules on any summary judgment motions dealing with

the Settlement Agreement.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion for Severance or for Separate Trials (Doc. 121) is **DENIED**

**without prejudice**.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of

July, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record